# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER OLNEY,<br><br>   Plaintiff,<br><br>   v.<br><br>WINDY CITY CALL CENTER, LLC, et al.,<br><br>   Defendants. | **Case No.  1: 13-cv-02004-AWI-SAB**<br><br>**SCHEDULING ORDER (Fed.R.Civ.P 16)**<br><br>**Discovery Deadlines:**<br>   Initial Disclosures:   June 6, 2014<br>   Class Cert. Discovery: Nov. 7, 2014<br><br>**Class Certification Motion Deadlines:**<br>   Filing:   Nov. 21, 2014<br>   Hearing: Pursuant to Local Rules |

**I.      Date of Scheduling Conference**

The Scheduling Conference was held on May 27, 2014.

**II.     Appearances of Counsel**

Nicholas J. Bontrager appeared by telephone on behalf of Plaintiff.

David L. Emerzian appeared by telephone on behalf of Defendant.

**IIA.    Scope of this Scheduling Order**

This Scheduling Order applies only to scheduling related to class certification.  As part of the Scheduling Order the parties have agreed to the following class certification deadlines:

Class Certification Motion Filing deadline:  **November 21, 2014**

Upon final disposition of the class certification motion, the court will hold a second scheduling conference to address scheduling issues related to further discovery and trial.

1

///

### III. Consent to Magistrate Judge

Pursuant to 28 U.S.C. § 636(c), to the parties who have not consented to conduct all further proceedings in this case, including trial,[1] before United States Magistrate Judge Stanley A. Boone, you should be informed that because of the pressing workload of United States district judges and the priority of criminal cases under the United States Constitution, you are strongly encouraged to consent to magistrate judge jurisdiction in an effort to have your case adjudicated in a timely and cost effective manner.

Presently, when a civil trial is set before Judge Ishii, any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first.  Continuances of civil trials under these circumstances may no longer be entertained, absent a specific and stated finding of good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case.

The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

### IV. Initial Disclosure under Fed.R.Civ.P. 26(a)(1)

Initial disclosures required by Fed.R.Civ.P. 26(a)(1) shall be exchanged by June 6, 2014.

### V. Amendments to Pleading

The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be supported by good cause pursuant to Fed.R.Civ.P. 16(b) if the amendment requires any modification to the existing schedule, see Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed.R.Civ.P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, see Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[1] Except those proceedings delegated to the United States magistrate judges by 28 U.S.C. § 636(b) and the district judges by the Local Rules for the Eastern District of California.

/ / /

## VI. Discovery Plan and Cut-Off Dates

The parties are ordered to complete all discovery related to class certification on or before **November 7, 2014**.

The provisions of Fed.R.Civ.P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

## VII. Pre-Trial Motion Schedule

Unless prior leave of Court is obtained at least seven (7) days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five (25) pages. Reply briefs filed by moving parties shall not exceed ten (10) pages. Before scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230 and 251.

### A. Non-Dispositive Pre-Trial Motions

As noted, all discovery related to class certification, including motions to compel, shall be completed no later than **November 7, 2014**. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. Non-dispositive motions are heard on Wednesdays at 9:30 a.m., before United States Magistrate Judge Stanley A. Boone in Courtroom 9.

In scheduling any non-dispositive motion, the Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e). However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than three (3) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving party(ies) to arrange and originate a conference call to the court.

///

*Discovery Disputes:* If a motion is brought under Fed.R.Civ.P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed seven (7) calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. on the fourth court day prior to the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

### VIII. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under "Judges." In Judge Boone's section, in the area entitled "Case Management Procedures," click the link for "Standard Information," which will direct you to a PDF document describing the practice requirements specific to Judge Boone's courtroom.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **May 28, 2014**

UNITED STATES MAGISTRATE JUDGE